By the Court.
Oakley, Ch. J.
The fund to the credit of W. C. and A. A. Hunter, on the books of the Union Bank, arose from the discount of bills of exchange drawn by them on Suydam, Sage & Co., and accepted by the latter. One of these bills became due and was protested for non-payment, and it was thereupon charged by the bank to the account of W. C. and A. A. Hunter. At this period the bank knew of their failure, but did not know that they had made an assignment. . The assignment having been made in good faith, and transferring to the plaintiff all the property of the Hunters of every description, the deposit to their credit in the bank thereby became vested in the assignee. Therefore, when the bill fell due, and the Hunters became liable to the bank for its payment, there were no demands existing between them and the bank which could be the subject of set off. The money to their credit belonged to the plaintiff
In a suit between this plaintiff and another bank, in which thé facts are similar, it was conceded that there could be no set off in such a case previous to the code of procedure, but it was *610 contended that under the code the rule is different, and that the right of the bank to set off their debt against the deposit is to be determined on the apparent state of facts existing previous to and at the time notice of the assignment was given to the bank, and we were referred to sections 111 and 112 of the code.
In this suit it is claimed that the bank having applied the money deposited to the payment of the protested bill without notice of the assignment of the deposit, the bank ceased to be liable; and, further, that by such application the drawer of the bill was discharged.
We have considered the subject and think these views are not sound. Under the former statute of set off, when the action was brought in the name of a party to a chose in action, by one to whom he had assigned it, the defendant seeking to make a set off was required to show that he had a right to make it against the nominal plaintiff at the time the assignment was made. The law preserved the equities of the parties, and the rights of an assignee were protected, although the suit was brought in the name of the assignor. Section one hundred and twelve of the code was intended to preserve in the same manner the rights of defendants, in cases where the suit was prosecuted in the name of the assignee, as required by the section next preceding. The effect of the provisions of the code was to leave the right of set off unaffected, and the case is to be decided according to the law of set off as established by the revised statutes. The only change made is in the form of the section.
The omission to notify the bank of the assignment before the draft became due does not alter the case. If the bank had paid over the deposit to the Hunters, or made advances to them or come under liabilities for them in respect of the deposit, it would have been protected against the assignee. But the situation of the bank has not been affected by the want of notice of the assignment. The charging of the protested bill to the account of the Hunters was not a payment of the bill, nor did it discharge any of the parties to it. The bill was still in the hands of the bank, uncancelled, and all the parties remained liable upon it as they were before the charge was made.